IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-05116-GPG

LUIS ANDRES VALERO-JORGE,

Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his official capacity,

Respondent.

---

**ORDER TO SHOW CAUSE**

---

Before the Court is Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.SC. § 2241 (D. 1) and Emergency Motion for Immediate Release (D. 2).[1] Petitioner seeks release (D. 1 at 5). Because the Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

A district court may grant a writ of habeas corpus to any person who demonstrates she is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[1] The Court must construe the Petition liberally because Petitioner is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110. The Petition appears to have been drafted with significant assistance from generative artificial intelligence (*see* D. 1 at 3) ("Medical records and other supporting evidence should be attached when available.").

Petitioner has previously filed a Habeas case, No. 26-cv-02521-GPG, where the Court denied the Petition. Petitioner alleges changed circumstances, but the circumstances and supporting evidence are not the sort that would not allow for briefing[2] related to whether he should be released (*see* D. 2). Accordingly, Petitioner's Emergency Motion for Immediate Release (D. 2) is DENIED. Nonetheless, because the Petition raises new issues not addressed in Petitioner's prior case, the Court will order a response specifically addressing those new issues.

Petitioner is directed to serve Respondent with a copy of the Petition (or amended petition) and accompanying papers, along with a copy of this Order, by e-mail to USACO.ServImm2241@usdoj.gov or mail to the U.S. Attorney for the District of Colorado's offices and promptly file proof of such service on the docket. Within THIRTY (30) DAYS of receipt of service, Respondent is ORDERED TO SHOW CAUSE as to why the Petition should not be granted. Respondent must address Petitioner's arguments regarding allegedly changed circumstances and whether they warrant release. Petitioner SHALL then have FOURTEEN (14) DAYS in which to file a reply. If Respondent does not file a response to the Petition as ordered,[3] Petitioner SHALL be released from custody no later than TWENTY-FOUR (24) HOURS after the response deadline.

If at any time Petitioner is released from custody—whether due to lack of response from Respondent, an IJ order, or an order from this Court—Respondent is ENJOINED from arresting

[2] Petitioner alleges that he was assaulted, but Petitioner does not allege any facts indicating that another assault is likely.

[3] The Court trusts that Respondent is conducting a full review of each Petitioner's case for community safety concerns and exercising appropriate discretion if they decide not to file a response. If the Government chooses not to respond, the Court is left with only the information provided by Petitioner and has no independent ability to scrutinize Petitioner's claims—particularly with regard to any potential criminal history.

or detaining Petitioner on the same grounds or imposing conditions in excess of those already in place prior to Petitioner's arrest or imposed by an Immigration Judge. The Court maintains jurisdiction to ensure compliance with all aspects of this Order. *See Phone Directories Co. v. Clark,* 209 F. App'x 808, 812 (10th Cir. 2006) ("It is well-established that a court retains ancillary jurisdiction over subsequent proceedings to enforce its own orders and judgments."); *Peacock v. Thomas,* 516 U.S. 349, 356 (1996) ("Without jurisdiction to enforce a judgment entered by a federal court, the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the Constitution.").

It is FURTHER ORDERED that, pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Respondent SHALL NOT REMOVE Petitioner from the District of Colorado except pursuant to a final order of removal from the United States. *See also Vizguerra-Ramirez v. Choate, et. al*, Case No. 1:25-cv-881, D. Colo., ECF No. 11 at 4-5 (collecting cases); *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 603 (1966); *Local 1814, Int'l Longshoremen's Ass'n v. New York Shipping Ass'n*, 965 F.2d 1224, 1237 (2d Cir. 1992).

DATED October 14, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge